# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVESTER ANDERSON, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-11-3346 |
| | § | |
| JPMORGAN CHASE, N.A., d/b/a | § | |
| Chase Home Finance L.L.C., | § | |
|    Defendant. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Sylvester Anderson's Motion to Remand [Doc. # 6], to which Defendant JPMorgan Chase, N.A. d/b/a Chase Home Finance L.L.C. ("Chase") filed a Response [Doc. # 8], and Plaintiff filed a Reply [Doc. # 9]. Having considered the full record and applied governing legal authorities, the Court **denies** Plaintiff's Motion to Remand.

## I.   BACKGROUND

Plaintiff alleges that his home was damaged in March 2011 when a water line connection came apart in the bathroom. Plaintiff alleges that his homeowners' insurance company issued checks to pay for the repairs, but made the checks payable to Plaintiff and Chase. Plaintiff complains that Chase refused to endorse the checks to Plaintiff, but instead required Plaintiff to endorse the checks to Chase until the

repairs to Plaintiff's home were 90% complete. Eventually, after the lawsuit was filed in state court, Chase released the funds to Plaintiff.

Plaintiff filed this lawsuit in the 125th Judicial District Court of Harris County, Texas, on August 10, 2011. In the Original Petition, Plaintiff seeks *inter alia* a declaration that "Chase is not the legal holder of the mortgage on Plaintiff's home and property" and that "Chase has no right to enforce the mortgage originally placed on Plaintiff's home and property . . .." *See* Original Petition, Exh. A to Response, ¶ 6.1(A) and (D).

Defendant was served on August 26, 2011, and filed a timely Notice of Removal on September 13, 2011. Chase asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff filed a Motion to Remand, arguing that the amount in controversy requirement is not satisfied. The Motion to Remand is now ripe for decision.

II.   **ANALYSIS**

A.   **General Removal Principles**

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375,

377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

### B. Amount in Controversy

Plaintiff argues that the amount in controversy is below the jurisdictional minimum of $75,000.00, exclusive of interest and costs. Plaintiff argues that, from his viewpoint, the amount in controversy is either four or six months interest on $23,971.86 (the amount of insurance proceeds that were temporarily withheld). Alternatively, if Chase "is not the legal holder of Plaintiff's mortgage," Plaintiff perceives the amount in controversy to be the value of the mortgage payments he has made, plus exemplary damages. Plaintiff asserts that under either calculation, the amount in controversy is below $75,000.00.

Plaintiff in this lawsuit, however, also seeks a declaration that Chase is not the legal holder of the mortgage and has no right to enforce that mortgage. "When equitable and injunctive relief is sought the amount in controversy is measured by the value of the object of the litigation . . .." *See Berry v. Chase Home Fin., LLC*, 2009 WL 2868224, *2 (S.D. Tex. Aug. 27, 2009) (citing *Milligan v. Chase Home Fin., LLC,* 2009 WL 562219, *3 (N.D. Miss. Mar. 4, 2009) (quoting *Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)); *Webb v. Investacorp, Inc.,* 89 F.3d 252, 256 (5th Cir. 1996)). If the amount in controversy is not apparent from the face of the plaintiff's petition, the Court may consider "summary judgment-type" evidence in determining the amount in controversy. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

Plaintiff in this case seeks declarations that Chase is not the holder of the mortgage and has no right to enforce it. Consequently, the "object of the litigation" regarding Plaintiff's request for those declarations is the mortgage. Defendant has presented evidence that the balance remaining on the mortgage the day before removal was $118,209.95. *See* Affidavit of Montoya McGruder ("McGruder Aff.), Exh. C to Response, ¶ 7.

Plaintiff has presented no evidence to the contrary, but objects to the McGruder Affidavit as inadmissible hearsay. Plaintiff's objection is without merit. McGruder

states under oath that the statement in the affidavit regarding the balance remaining on the mortgage is based on his review of Chase's business records. McGruder establishes through his affidavit that Plaintiff's loan records are maintained by Chase "in the course of its regularly conducted business activities and are made at or near the time of the event recorded." *See* McGruder Aff., ¶ 2. As a result, the statement in the affidavit regarding the outstanding loan balance is admissible pursuant to Rule 803(6) of the Federal Rules of Evidence.[1]

The mortgage is the object of Plaintiff's request for declarations that Chase is not the holder of Plaintiff's mortgage and has no rights to enforce the mortgage. The uncontroverted, admissible evidence in the record establishes that the value of the mortgage at the time of removal was more than $75,000.00. The jurisdictional amount in controversy is satisfied.

### III. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that removal of this case was proper. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **DENIED**.

SIGNED at Houston, Texas, this 22nd day of **November, 2011**.

Nancy F. Atlas
United States District Judge

---

[1] McGruder states also that Chase "is the servicer of the loan and holds the Note." *See* McGruder Aff., ¶ 6.