# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SYLVESTER ANDERSON, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL CASE NO. H-11-3346 | |
| § | | |
| JPMORGAN CHASE, N.A., d/b/a § | | |
| Chase Home Finance L.L.C., § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on Plaintiff Sylvester Anderson's Motion to Reconsider Motion to Remand [Doc. # 13]. For the same reasons the Court denied the Motion to Remand in its Memorandum and Order [Doc. # 10] entered November 22, 2011, the Court **denies** Plaintiff's Motion to Reconsider.

## I.   BACKGROUND

Plaintiff alleges that his home was damaged in March 2011 when a water line connection came apart in the bathroom. Plaintiff alleges that his homeowners' insurance company issued checks to pay for the repairs, but made the checks payable to Plaintiff and Defendant JPMorgan Chase, N.A. ("Chase"). Plaintiff filed this lawsuit in Texas state court, seeking *inter alia* a declaration that "Chase has no right to enforce the mortgage originally placed on Plaintiff's home and property . . .." *See* Original Petition, Exh. A to Response, ¶ 6.1(A) and (D). Defendant removed the case

to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff filed a Motion to Remand, arguing that the amount in controversy requirement is not satisfied. The Court denied the Motion to Remand, noting that the amount in controversy in connection with the request for declaratory relief as to Chase's right to enforce the mortgage is the remaining balance on the mortgage, which exceeds $75,000.00. Plaintiff filed a Motion for Reconsideration.

## II.   ANALYSIS

A motion for reconsideration of Court's ruling must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *See Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A motion for reconsideration is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478-79. Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the

movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

In this case, Plaintiff merely restates the same arguments presented in the Motion to Remand and expresses his dissatisfaction with the Court's prior ruling on those decisions. As explained in the November 22 Memorandum and Order, it is clear that Plaintiff is challenging Chase's right to enforce the mortgage and, as a result, the remaining balance on that mortgage is in controversy. Because the remaining balance as of the time of removal was more than $118,000.00, the amount in controversy exceeded $75,000.00, and the "amount in controversy" requirement of 28 U.S.C. § 1332(a) is satisfied.

Plaintiff notes that Defendant argued alternatively that the amount in controversy should be based on the fair market value of the property. In support of that argument, Defendant cited cases holding that the amount in controversy where a plaintiff seeks a declaration that he has clear title to the property is determined by the value of the property. Plaintiff does not seek a declaration of clear title in this case

and, as a result, the Court did not rely on Defendant's alternative argument or the cases cited to support it.

The Court held in the November 22 Memorandum and Order that the statements in the affidavit of Montoya McGruder were admissible pursuant to Rule 803(6) of the Federal Rules of Evidence. As noted previously, McGruder stated in his affidavit that he reviewed Plaintiff's loan records prior to providing the sworn affidavit. It is not necessary that those loan records be attached in their entirety to the affidavit. Plaintiff's objection is again overruled.

Plaintiff's argument, repeated in the Motion to Reconsider, that the Notice of Removal was improperly conclusory because Defendant "has not pled or proven that it is the holder or assignee of the note" is without merit. Similarly, the Court rejects Plaintiff's argument that Defendant's Response to Plaintiff's Motion to Remand "constitutes an untimely second notice of removal" because Defendant argued alternatively that the fair market value of the property could establish the amount in controversy. Plaintiff cites no legal authority that supports this argument. Moreover, the Court did not rely on that argument in determining the amount in controversy and, in any event, the alternative argument regarding analysis of the amount in controversy does not constitute an untimely second Notice of Removal.

## III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court's prior decision that removal of this case was proper was a correct ruling.  As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Reconsider [Doc. # 13] is **DENIED**.

SIGNED at Houston, Texas, this **30th** day of **November, 2011**.

_____
Nancy F. Atlas
United States District Judge